motion as an unauthorized successive § 2255 motion and transferred it to this court. We denied Zimmerman's motion for authorization to file a successive § 2255 motion in Case No. 15–10268.

After the district court transferred his motion, Zimmerman filed a Federal Rule of Civil Procedure 59(e) motion to alter or amend the judgment, arguing that the district court misconstrued his Rule 60(b) motion and improperly transferred it to this court. The district court denied the Rule 59(e) motion, and Zimmerman timely noticed his appeal from this order. This notice of appeal places the propriety of the underlying judgment, the transfer order, before this court. *See Martinez v. Johnson*, 104 F.3d 769, 771 (5th Cir. 1997).

We are now faced with Zimmerman's request for a certificate of appealability (COA) to appeal the transfer order. Because the transfer order is not a final order, no COA is needed to appeal it. *See United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015), *cert. denied*, —— U.S. ——, 136 S.Ct. 431, 193 L.Ed.2d 335 (2015). Zimmerman's request for a COA is DENIED AS UNNECESSARY.

Although Zimmerman's pro se arguments are liberally construed, he is nevertheless required to brief those arguments to preserve them. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir.1993). All of Zimmerman's present arguments pertain to claims of ineffective assistance of counsel that he raised in his original § 2255 motion and to the lack of an evidentiary hearing in those proceedings. Because Zimmerman has not briefed any challenge to the transfer order, we "deem that challenge to have been abandoned." *Hernandez v. Thaler*, 630 F.3d 420, 426 n24 (5th

Cir. 2011). Accordingly, we AFFIRM the district court's transfer order.

**Stacie Ann SHAKIR, Plaintiff—Appellant,**

**v.**

**JIM MURRAY FINANCIAL, d/b/a Nationwide Insurance Company, Defendant—Appellee.**

**15-20624**
**Summary Calendar**

United States Court of Appeals, Fifth Circuit.

Filed January 26, 2017.

Stacie Ann Shakir, Pro Se

A. Robert Fischer, Esq., Patrick S. Richter, Jackson Lewis, P.C., Austin, TX, for Defendant-Appellee

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM: [*]

AFFIRMED. *See* Fifth Cir. R. 47.6.

---

[*] Pursuant to 5ᴛʜ Cɪʀ. R. 47.5, the court has determined that this opinion should not be

**UNITED STATES of America,
Plaintiff-Appellee**

v.

**Caleb SMITH, Defendant-appellant**

**No. 16-10272
Summary Calendar**

United States Court of Appeals,
Fifth Circuit.

Filed January 26, 2017

Gail A. Hayworth, James Wesley Hendrix, Assistant U.S. Attorney, U.S. Attorney's Office, Northern District of Texas, Dallas, TX, for Plaintiff-Appellee

Patrick G. Barkman, Cleburne, TX, for Defendant-Appellant

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM: *

Caleb Smith appeals the sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute a controlled substance. Smith contends that the district court should have held him accountable only for the amount of methamphetamine that was recovered from his person (29.6 grams on February 26, 2015) and in his presence (119.5 grams found in the vehicle he was

driving on March 3, 2015), or such amounts that were properly corroborated.

This court generally reviews a district court's finding regarding the applicable drug quantity for clear error and will affirm the finding as long as it is plausible in light of the record as a whole. *See United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). "[T]he district court need only determine its factual findings at sentencing by a preponderance of the relevant and sufficiently reliable evidence." *United States v. Hinojosa*, 749 F.3d 407, 415 (5th Cir. 2014) (internal quotation marks and citation omitted).

The district court had to find that Smith was responsible for at least 150 grams of "methamphetamine actual" in order to find that his base offense level was 32. *See* U.S.S.G. § 2D1.1(c)(4) (150 to 500 grams of "methamphetamine actual"). The district court based its factual findings concerning the drug quantity on the information in the Presentence Report (PSR) obtained from reports by the Weatherford Police Department and Drug Enforcement Administration Officers Kevin Brown and George Courtney. The PSR determined that Smith should be held accountable for 373.6 grams of "methamphetamine actual," including (1) 103 grams of "methamphetamine actual" seized from the vehicle Smith was driving on March 3, 2015,[1] (2) 7 grams of methamphetamine that Smith supplied to John Galbreaith prior to February 26, 2015, and (3) 280 grams of methamphetamine, which was an estimate based upon admissions by Smith's codefendant, Lezli Owens, that she had previously purchased up to 10 ounces (280 grams) of metham-

---

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. The 119 grams of methamphetamine seized from the vehicle was determined to be 103 grams of "methamphetamine actual."